Johnson, J.
There has been no controversy about the question whether the declarations of a deceased surveyor, who originally located the land, is or is not admissible on a question of location. All agree that they may. Nor is it questioned that to let it in, it was incumbent on the party offering it in the first place to prove his death. If the case rested solely on this state of facts, the court would not hesitate to let the verdict stand. But it is obvious from the circumstances which have been developed, on the argument here, that the death of Crafton, the surveyor, whose declarations were offered, was a matter of public notoriety many years ago,, and that the omission to prove it was an inadvertence from which the most circumspect are not exempt, or a confidence that formal proof of a fact so notorious would not be required, and furnish, in the opinion of the court, sufficient reasons f^r sending the case back.
Applications for new trials are, with some limitations, always addressed to the discretion of the court; and although it should be exercised with great caution and circumspection, yet our own decisions furnish many instances in which new trial? .hav« been granted, when a verdict has been obtained by stir *261 prize or inadvertence. And the cases of verdicts manifestly against evidence furnish a wide field for the exercise of this power.
W. R. Davis, for the motion.,
Earle, Solicitor, .contra.
One of the most prominent objects in the institution and organization of courts of justice, was to ascertain the truth of facts between parties litigant; and where it is apparent, that this object has not been attained, and that without a fault in the party, amounting to negligence, it becomes; the duty of this court to give relief.
Motion granted.